

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-10-00298-CR**

JOHN NDUNGU                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant John Ndungu challenges the trial court's decision to proceed to adjudication of his forgery case, resulting in a sentence of fifteen months' confinement. Appellant brings two issues on appeal, arguing that he was denied his due process rights by not being afforded a meaningful opportunity to begin his community supervision and that trial counsel was ineffective at the hearing on the motion to adjudicate because (1) Appellant would have insisted on a plea

---

[1]*See* Tex. R. App. P. 47.4.

agreement with the State if he had known that the elected judge would not be presiding and (2) trial counsel failed to inform him that if he received a sentence of more than a year, the sentence would negatively impact his immigration status. Because we hold that Appellant's due process rights were not violated and that trial counsel rendered reasonably effective assistance of counsel, we affirm the trial court's judgment.

In November 2008, the State indicted Appellant for forgery. Appellant pled guilty under a plea agreement, and the trial court placed him on deferred adjudication community supervision for four years and assessed a fine of $1,500.

The State subsequently filed a motion to proceed to adjudication. The trial court held a hearing on the motion, at which Appellant pled not true to the allegations. Rhett Wallace of the Denton County Community Supervision Department testified that Appellant's community supervision had been transferred to Dallas County at his request. The Dallas County Community Supervision Department attempted to contact Appellant by mail on two separate occasions, but the letters were returned because "[t]he address he gave [them] apparently wasn't good." After Appellant twice failed to report to the Dallas County intake office, the Dallas County Community Supervision Department closed out his case and sent it back to the Denton County Community Supervision Department.

Wallace further testified that Appellant failed to pay both the $50 supervision fee and the $50 restitution fee that he had been ordered to pay.

Wallace also testified that Appellant was required to complete 160 hours of community service but that he had never turned in any hours to the community supervision department. Nor, to Wallace's knowledge, had Appellant ever started serving the hours. Appellant also failed to complete a required drug and alcohol evaluation.

Sandra Reid of the Denton County District Clerk's office testified that Appellant had made one $75 payment toward his fees but that he had otherwise not paid his fine, his court costs, or his warrant fee.

Appellant testified that he had originally agreed to deferred adjudication community supervision but had changed his mind, decided that he wanted to take his case to trial, and informed his attorney of that fact. He testified that he sent a note to the Denton County community supervision officer explaining why he would not be paying his fees.

The trial court found the State's allegations to be true and adjudicated Appellant guilty. Appellant filed a motion for new trial asserting, among other things, that the verdict was contrary to the law and the evidence, that the trial should not have proceeded because Appellant did not consent to the visiting judge, and that his trial counsel was ineffective. At the hearing on the motion, Appellant testified that his attorney had not told him that if he received a sentence of more than one year, it would have a negative impact on his immigration status or that the judge who had originally heard his case was not on the bench and the matter would be heard by a visiting judge. Appellant testified

that if he had known these two facts he would have taken the plea deal that the State had offered. The trial court denied his motion for new trial.

In his first issue, Appellant argues that he was unaware that his community supervision had even started and was never told where to report or to whom he should report in Dallas County. He testified that he did not willfully ignore his obligations under community supervision but, rather, he did not understand what he was supposed to do. Consequently, Appellant argues, the State failed to give him a "meaningful" opportunity to comply with the conditions of his community supervision because Dallas County did not do enough to guarantee that he complied with his obligations.

Appellant was provided with a copy of the conditions of community supervision. Dallas County attempted to locate him at the address which he provided. Although Appellant requested transfer to Dallas County, he never reported to the Dallas County intake office.

Appellant testified that he had originally agreed to community supervision but subsequently changed his mind and decided that he wanted to take his case to trial. He informed his attorney of that fact and also testified that he sent a note to the Denton County community supervision officer explaining why he would not be paying his fees.

From the evidence, the trial court could have reasonably concluded that Appellant did not satisfy the requirements of community supervision because he decided not to be on community supervision. There is no indication that the

4

Dallas County Community Supervision Department had either an unlisted telephone number or an unlisted address, nor is there any indication that the Dallas County Community Supervision Department attempted to hide from Appellant. Additionally, the record contains no evidence that Appellant contacted the Denton County Community Supervision Department for answers to any questions he might have had about his obligations. The record reflects that he simply decided not to be on community supervision. We overrule Appellant's first issue.

In his second issue, Appellant argues that trial counsel was ineffective at the hearing to adjudicate his guilt because Appellant had developed a rapport with the elected trial judge and would not have decided to try the issues of revocation had he known there was a visiting judge. He also states that he would have "insisted on a plea" agreement with the State if he had been aware that the judge with whom he developed the rapport was not the judge who would hear the motion to proceed to adjudication and that he was unaware that a sentence of over one year could have a negative impact on his immigration status. Yet the plea agreement that Appellant signed when he was placed on deferred adjudication community supervision clearly sets out the fact that a conviction can affect immigration status.

Appellant failed to sustain his burden of proof to show that trial counsel rendered ineffective assistance.[2] The record amply supports the trial court's decision to proceed to adjudication. Appellant had no right to challenge a visiting judge in a criminal case.[3] Appellant was amply instructed on the possible immigration consequences of a criminal conviction. Because Appellant has satisfied neither *Strickland* prong, we overrule his second issue.

Having overruled both of Appellant's issues, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT, J.; and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 31, 2011

---

[2]*See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001).

[3]*See* Tex. Gov't Code Ann. § 74.053 (West 2005); *Lanford v. Fourteenth Court of Appeals,* 847 S.W.2d 581, 587 (Tex. Crim. App. 1993) (original proceeding); *see also Mayo v. State*, No. 05-05-01523-CR, 2006 WL 3086191, at *1 (Tex. App.—Dallas Nov. 1, 2006, no pet.) (mem. op., not designated for publication).